IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Michelle R. Tolson
1054 Dorset Drive
Waldorf, Maryland 20602

   Plaintiff,

v.

Linda Springer, Director
Office of Personnel Management,
1900 E Street NW, Suite 7353
Washington, D.C. 20001

   Defendant.

Case: 1:07-cv-02181
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/4/2007
Description: Employ. Discrim.

JURY ACTION

**COMPLAINT OF DISCRIMINATION**
**(FOR DECLARATORY, EQUITABLE AND MONETARY RELIEF)**

**INTRODUCTION**

1. Plaintiff, Michelle R. Tolson, by and through counsel, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq*. for redress of injuries she suffered due to employment discrimination consisting of sex and race discrimination (harassment/hostile environment), and reprisal. Plaintiff is employed with Defendant, Office of Personnel Management (OPM), as a GS 13 Program Analyst. She avers that she has been the victim of and subjected to a highly charged unwelcome, racially and sexually hostile and offensive working envirnoment.

2. An environment where James Sparrow, a coworker, assaulted Plaintiff, used abusive and degrading language, repeatedly directed racist and sexist remarks and slurs to the Plaintiff and other minority female employees in his organization on a continous basis beginning in 1995 while employed with the Defendant. Throughout the years, Mr.

1

Sparrow's behavior spiraled he became more confrontal and then assaultive, he targeted minority females. Despite Mr. Saprrow's deviant behavior, which was continuous, chronic and widespread, the Defendant turned a blind eye, failing to implement prompt and appropriate corrective action. It's EEO process was flawed and its failure to carry out it's own policy involving work place violence was without enforcement.

## JURISDICTION AND VENUE

3. The employment practices alleged to be unlawful were committed entirely in District of Columbia.

4. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*, 28 U.S.C. §1331, and §1343. Accordingly, jurisdiction over this action is invoked.

5. The Plaintiff's employment records are located in the District of Columbia and Plaintiff has exhausted her administrative remedies in this matter.

## PARTIES

6. Plaintiff, Michelle R. Tolson, a black female, resides in Waldorf, Maryland and is employed as a GS 13 Program Analyst in the Management Information Branch (MIB), with the Office of Personnel Management, 1900 E. Street N.W., Washington, D.C. 20415, at its office in the District of Columbia during the events, which are alleged herein.

7. Linda Springer is the Director of the Office of Personnel Management located at 1900 E Street N.W., Washington, D.C. 20415, and is responsible for the operation of OPM, during the events, which are alleged herein.

2

8. James Sparrow, a black male, is employed as a Program Analyst in the Management Information Branch with the Office of Personnel Management, 1900 E. Street N.W., Washington, D.C. 20415.

9. Marc Flaster, a white male, is employed as a GS 15, Chief of Support Group for the Center for Retirement and Insurance Services, at the Office of Personnel Management, 1900 E. Street N.W., Washington, D.C. 20415.

10. Sean Hershey, a white male, is employed as a supervisor of the Management Information Branch for the support group in the Center for Retirement and Insurance Services at the Office of Personnel Management, 1900 E. Street N.W., Washington, D.C. 20415.

11. Marc Flaster and Sean Hersey are managers/supervisors and at all times relevant to this complaint are considered alleged discriminating officials (ADOS). At all times relevant to this complaint, these ADOs were employed by the Office of Personnel Management as supervisors and/or managers and were acting within the scope of his employment and were on notice of Mr. Sparrow actions described above.

## ADMINISTRATIVE PROCEEDINGS

12. On November 6, 2006, Plaintiff filed a formal complaint of discrimination with OPM's EEO on the basis of race(Black), sex (female), hostile environment and reprisal. Plaintiff subsqeuently filed her complaint with Equal Employment Opportunity Commission.

13. 180 days have passed since the filing of Plaintiffs' discrimination complaint, and on October 30, 2007, Plaintiff requested and received a letter of dismissal from the EEOC.

## **STATEMENT OF FACTS**

14. Plaintiff has worked for the Defendant since 1989, and was and continues to be active in the union.

15. In 1995, after being subject to a barrage of racial and threatening remarks and emails containing derogatory comments about Plaintiff's race and sex, i.e., "incompetent black bitch," "red bitch, "I gonna take you out gangster style," Plaintiff filed a complaint against Mr. Sparrow. As a result, an internal restraining order was issued against Mr. Sparrow. Mr. Sparrow was fervently opposed to Plaintiff's position as a union president. As time went on, Mr. Sparrow continued to harass Plaintiff, but in a subtler manner, sending emails containing racial animas and staring at Plaintiff as she moved around in her office or down the hallway.

16. On or about 2002, Plaintiff was assigned to work in the Management Information Branch as a Program Analyst.

17. In 2004, Mr. Sparrow and Plaintiff were assigned to work in the same office and on August 11, 2004, Plaintiff attended a staff meeting, with Mr. Sparrow present. Marc Flaster, then supervisor of MIB, conducted the meeting. During the meeting, Mr. Sparrow abruptly rose from his chair and deliberately bumped into Plaintiff causing her to fall against a table. After the meeting, Plaintiff met with Mr. Flaster telling him in detail about her prior complaint against Mr. Sparrow involving the internal restraining order and the continued degrading encounters with Mr. Sparrow. She also told Mr. Flaster that she was now feeling threatened by Mr. Sparrow, particular since his behavior was becoming more aggressive.

18. No remedial action was taken as related to Mr. Sparrow's conduct. He continued the racial and sexist remarks, taunting her on occasions. Plaintiff on an occasion following the August 2004 meeting again complained to Mr. Flaster about Mr. Sparrow's conduct, to no avail.

19. On or about April 26, 2006, while attending a three day office retreat, off site, Mr. Sparrow openly made derogatory subtle comments about Plaintiff and continuously made statements expressing contempt for Plaintiff. Again, no appropriate action was taken. Mr. Sparrow continued to taunt Plaintiff and inform coworkers of his disdain for Plaintiff. On the same day, Plaintiff notified Mr. Hershey and later Mr. Flaster of Mr. Sparrow actions and that she perceived that Mr. Sparrow was attempting to intimidate her and that she felt threatened by his actions.

20. On July 18, 2006, Plaintiff was walking down a hallway and Mr. Sparrow grabbed and pushed Plaintiff causing her injury. Plaintiff also had an emotional breakdown. Mr. Sparrow continued his harassment of Plaintiff. Again, management did nothing to curtail Mr. Sparrow's actions. Mr. Sparrow's has a history of subjecting minority women at this Agency to hostility and abuse, with management's knowledge and condonation.

21. Plaintiff filed a complaint of discrimination on November 6, 2006, and shortly thereafter, Plaintiff's supervisor, Mr. Hershey, lowered her annual performance rating, Plaintiff requested and was denied leave, and Defendant's managers refused efforts to safeguard the environment and refused to enforce its policy on workplace violence.

22. In August 2006, the Superior Court of the District of Columbia issued a retraining order against Mr. Sparrow forbidding him to come within 25 (twenty-five) feet of Plaintiff.

23. Mr. Sparrow's harassing and abusive behavior toward Plaintiff and other black females is a continuing pattern and practice at OPM, and has created an intolerable influence on Plaintiff's working condition. Defendant has failed and continues to fail to take remedial actions against Mr. Sparrow.

## DISCRIMINATION BASED ON RACE

24. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 23 above. Defendant has subjected Plaintiff to an offensive and hostile work environment characterized by physical assaults, pervasive racial comments and innuendo, and harassment.

## DISCRIMINATION BASED ON SEX

25. Plaintiff reallege and incorporates by reference, Paragraphs 1 through 24 of this complaint. Defendant violated Plaintiff's right to equal employment opportunity in violation of Title VII, 42 U.S.C. 2000e-z, by subjecting her to an offensive and hostile work environment characterized by physical assault, pervasive sexual comments and innuendo, and harassment. Plaintiff alleges that the discriminatory acts and omissions were very offensive, and caused the creation of a severe and pervasive hostile work environment.

## HOSTILE WORK ENVIRONMENT

26. The work environment was severely abusive and offensive and Mr. Sparrow's conduct was ignored, tolerated and condoned by Defendant's upper management. The

hostile work environment substantially affected Plaintiff's condition of employment and caused severe mental and physical pain and suffering. The defendant displayed malice or reckless indifference to the federally protected rights of Plaintiff and its minority employees.

## CAUSATION

27. Plaintiff realleges and incorporates by reference, Paragraphs 1- 26 of this complaint. As a direct result of Defendant's discriminatory acts and omissions, Plaintiff has suffered and is suffering, and shall continue to suffer emotionally, psychologically, economically, socially and recreationally.

## REPRISAL

28. Plaintiff realleges and incorporates by reference, Paragraph 1 through 27 and state that Defendant's supervisors and managers gained knowledge of her prior protected action and shortly thereafter she was subjected to material adverse consequences that affected the terms and conditions of her employment, i.e., lower preformance appraisal, denied leave and workers compensation.

## CAUSATION

29. Plaintiff realleges and incorporates by reference, Paragraphs 1- 28 of this complaint. As a direct result of Defendant's discriminatory acts and omissions, Plaintiff has suffered and is suffering, and shall continue to suffer emotionally, psychologically, economically, socially and recreationally.

## REMEDIES REQUESTED

30. Plaintiff has suffered and continues to suffer emotional distress and embarrassment as a result of the discriminatory actions against her.

31.  Plaintiff seeks Declaratory and Injunctive Relief, Back Pay, Front Pay, $300,000.00 (Three Hundred Thousand) in Compensatory damages, Attorneys fees, and whatever other remedies the Courts deems necessary to make Plaintiff whole.

### JURY DEMAND

The Plaintiff demands a trial by jury as to all issues to which she is entitled by law.

December 3, 2007

Respectfully submitted,

_____
Veronica G. Awkard, Bar No.14454
6490 Landover Road, Ste A
Landover, Maryland  20785
301-773-4724

B. Marian Chou
Marian Chou, Bar No. 433279
800 7th Street N.W., Ste 201
Washington, D.C.  20001
202-783-2794; 8981992
bmchou@mindspring.com
Attorneys for Plaintiff

Michelle R. Tulson
I swear under the penalty of perjury
that the information and is true to the
best of my knowledge.

8

07-2181
RMC

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Michelle R. Tolson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 5888
(EXCEPT IN U.S. PLAINTIFF CASES)
88888

## DEFENDANTS
Linda Springer, Director
Office of Personnel Management

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Veronica G. Awkard
6440 Landover Road, Ste A
Landover, MD 20785 (301)773-4724

Case: 1:07-cv-02181
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/4/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 220 Foreclosure | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 480 Consumer Credit |
| ☐ 230 Rent, Lease & Ejectment | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 490 Cable/Satellite TV |
| ☐ 240 Torts to Land | Prisoner Petitions | | |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 630 Liquor Laws | ☐ 810 Selective Service |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 640 RR & Truck | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 550 Civil Rights | ☐ 650 Airline Regs | |
| Personal Property | ☐ 555 Prison Condition | ☐ 660 Occupational Safety/Health | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 370 Other Fraud | | | |
| ☐ 371 Truth in Lending | Property Rights | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| ☐ 380 Other Personal Property Damage | ☐ 820 Copyrights | | ☐ 950 Constitutionality of State Statutes |
| ☐ 385 Property Damage Product Liability | ☐ 830 Patent | | |
| | ☐ 840 Trademark | Other Statutes | |
| | | ☐ 400 State Reapportionment | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| | Federal Tax Suits | ☐ 430 Banks & Banking | |
| | ☐ 870 Taxes (US plaintiff or defendant | ☐ 450 Commerce/ICC Rates/etc. | |
| | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 460 Deportation | |

(3)

| ☐ G. *Habeas Corpus/* *2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☒ H. *Employment* *Discrimination* <br> ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY* *ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA* *(non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights* *(non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC § 2000e

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ 300,000.00  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE 12/4/07  SIGNATURE OF ATTORNEY OF RECORD /s/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.