UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michelle R. Tolson,**<br>**1054 Dorset Drive**<br>**Waldorf, Md. 20602,**<br><br>　　　**Plaintiff,**<br><br>　　　v.<br><br>**Linda Springer, Director,**<br>**U.S. Office of Personnel Management**<br>**1900 E Street, N.W., Suite 7353**<br>**Washington, D.C.  20415**<br><br>　　　**Defendant.** | Civil Action No. 07-02181 (RMC) |

## ANSWER TO COMPLAINT

Defendant Linda Springer, in her official capacity as Director of the United States' Office of Personnel Management ("OPM"), answers the complaint of plaintiff Michelle R. Tolson as follows:

### AFFIRMATIVE DEFENSES

**FIRST DEFENSE**

Plaintiff's claims are barred because she failed to participate in good faith in the administrative process before the EEOC.

**SECOND DEFENSE**

As to some or all of the claims asserted in this action, plaintiff fails to state a claim upon which relief may be granted.

Defendant answers the numbered paragraphs of the complaint as follows:

## INTRODUCTION

1. The first sentence of paragraph 1 contains plaintiff's characterizations of her cause of action to which no response is required. Defendant admits the second sentence of paragraph 1. Defendant denies the allegations contained in the third sentence of paragraph 1.

2. Defendant denies the allegations contained in paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent that paragraph 3 may be deemed to contain factual allegations requiring an answer, defendant denies that it engaged in any unlawful employment practices. Defendant admits that its main offices are located in Washington, D.C.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent that paragraph 4 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations of paragraph 4.

5. Defendant admits that plaintiff's official personnel file is located at OPM's Washington, D.C. office, but denies the remainder of the allegations in paragraph 5.

## PARTIES

6. Defendant admits that OPM employs plaintiff, a black female, as a GS-13 Program Analyst but denies the remainder of the allegations contained in paragraph 6.

7.  Defendant admits that Linda Springer is the Director of the OPM, and OPM's main offices are located at 1900 E Street, N.W. Defendant denies the remainder of the allegations of paragraph 7.

8.  Defendant admits the allegations contained in Paragraph 8 except to aver that Mr. Sparrow has been employed at OPM's Norfolk, Virginia, office, since July 18, 2006. Mr. Sparrow travels to OPM's Washington, D.C., office on Wednesdays.

9.  Defendant admits the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent that paragraph 11 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations of paragraph 11.

## ADMINISTRATIVE PROCEEDINGS

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13, except to admit that on October 23, 2007, plaintiff filed a notice of withdrawal with the EEOC, and on October 31, 2007, the EEOC dismissed plaintiff's hearing request.

## STATEMENT OF FACTS

14. Defendant admits the allegations contained in paragraph 14.

15. Defendant lacks information sufficient to admit or deny the allegations contained

in paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16, and avers that plaintiff was assigned to work in OPM's MIB on or about June 2003.

17. Defendant denies the allegations contained in the first sentence of paragraph 17, and avers that Mr. Sparrow was reassigned to work at OPM's MIB on or about May 2004, and both plaintiff and Mr. Sparrow were each assigned to separate office spaces in the MIB office suite area on the fourth floor, and that both employees attended a staff meeting on or about August 11, 2004. Defendant admits the allegations in the second sentence of paragraph 17. Defendant denies the allegations in the third sentence of paragraph 17 and avers that Mr. Sparrow's chair bumped into plaintiff's chair as Mr. Sparrow was leaving the meeting. Defendant denies the fourth sentence of paragraph 17, and avers that Mr. Flaster subsequently met with plaintiff regarding plaintiff's concerns that the chair bumping was deliberate and that she was afraid of Mr. Sparrow because of his size. Defendant denies the allegations contained in the fifth sentence of paragraph 17 and avers that plaintiff told Mr. Flaster that she and Mr. Sparrow had a history of not getting along well with each other.

18. Defendant denies the allegations contained in the first sentence of paragraph 18. Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of paragraph 18. Defendant denies the allegations in the third sentence, and avers while plaintiff did meet with Mr. Flaster concerning Mr. Sparrow, no racial or sexist behavior was mentioned.

19. Defendant denies the allegations contained in paragraph 19, except to admit that Mr. Sparrow and plaintiff attended an off site office retreat on or about April 27, 2005, and

defendant further admits that plaintiff complained about Mr. Sparrow at the retreat to Mr. Hershey, who was not serving as plaintiff's supervisor at the time.

20.     Defendant denies the allegations contained in the first, third and fourth sentences of paragraph 20.  Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21, except to admit that on November 6, 2006, plaintiff filed a complaint of discrimination.  Defendant further avers that on April 25, 2006, plaintiff received her mid-year progress review indicating that her performance was at the "fully successful" rating, which was lower than her previous performance appraisal rating of "exceeds fully successful," and on October 31, 2006, plaintiff received her annual appraisal that had a summary rating of "fully successful."

22.     Defendant denies the allegations contained in paragraph 22, except to admit that on August 22, 2006, the Superior Court of the District of Columbia, Civil Division, issued a temporary restraining order on consideration of plaintiff's motion for a temporary restraining order.

23.     Defendant denies the allegations contained in paragraph 23.

## DISCRIMINATION BASED ON RACE

24.     Defendant repeats the answers contained in paragraphs 1 through 23 above, as though fully set forth herein Paragraph 24.  Paragraph 24 contains legal conclusions to which no response is required. To the extent the second sentence of paragraph 24 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations contained in

5

paragraph 24.

## DISCRIMINATION BASED ON SEX

25.    Defendant repeats the answers contained in paragraphs 1 through 24 above, as though fully set forth herein Paragraph 25. Paragraph 25 contains legal conclusions to which no response is required. To the extent the second sentence of paragraph 25 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations contained in paragraph 25.

## HOSTILE WORK ENVIRONMENT

26.    Defendant denies the allegations contained in the first and third sentences of paragraph 26. The second sentence of paragraph 26 contains legal conclusions to which no response is required. To the extent the second sentence of paragraph 26 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations of the second sentence of paragraph 26.

## CAUSATION

27.    Defendant repeats the answers contained in paragraphs 1 through 26 above, as though fully set forth herein Paragraph 27. Paragraph 27 contains legal conclusions to which no response is required. To the extent that paragraph 27 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations of paragraph 27.

## REPRISAL

28.    Defendant repeats the answers contained in paragraphs 1 through 27 above, as

though fully set forth herein Paragraph 28. Defendant denies the allegations contained in paragraph 28.

## CAUSATION

29.   Defendant repeats the answers contained in paragraphs 1 through 28 above, as though fully set forth herein Paragraph 29. Defendant denies the allegations contained in paragraph 29.

## REMEDIES REQUESTED

30.   Paragraph 30 contains legal conclusions to which no response is required. To the extent that paragraph 30 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations of paragraph 30.

31.   Paragraph 31 constitutes Plaintiff's prayer for relief to which no response is required; insofar as an answer may be deemed necessary, defendant denies plaintiff is entitled to any of the relief requested or attorney fees, or any relief whatsoever.

## JURY DEMAND

No response is required to plaintiff's jury demand.

Defendant respectfully requests and reserves the right to amend, alter, or supplement the responses and defenses contained in this answer as the facts and circumstances giving rise to the complaint become known to him. Defendant further avers that any award of compensatory damages is subject to and limited by 42 U.S.C. Sec. 1981a(b)(3).

WHEREFORE, having fully answered, defendant respectfully requests that this action be

dismissed with prejudice and that the Court grant defendant his costs and such other relief as may be appropriate.

                Respectfully Submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
BENTON PETERSON
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C.  20530
(202) 514-7238