UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michelle R. Tolson,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**Linda Springer, Director,** )<br>**U.S. Office of Personnel Management** )<br>)<br>    **Defendant.** )<br>_____) | Civil Action No. 07-02181 (RMC) |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

In accordance with Rule 16, Fed. R. Civ. P, and LCvR 16.3, counsel for the parties have conferred and states as follows:

1.) Defendant states that this case can be resolved by dispositive motion.

Plaintiff submits that the matter will not be resolved by dispositive motion.

2.) <u>Amended Pleadings</u>: The Defendant does not anticipate that it will be necessary to join third parties or amend the pleadings. Defendant states that any amendments to pleadings should be in accordance with the Federal Rules.

Plaintiff reserves the right to join additional parties and/or file an amended pleading no later than 30 days after Scheduling conference.

3.) <u>Assignment to Magistrate Judge</u>: Defendant does not consent to the assignment of this case to a Magistrate Judge at this time.

Plaintiff does not consent to the assignment of case to Magistrate Judge.

4.) <u>Settlement Possibility</u>: The parties do not foreclose the possibility of settlement, but

views settlement talks as more likely to be productive after the close of discovery.

     5.)    <u>Alternative Dispute Procedures</u>:

Defendant doe not foreclose the possibility of alternative dispute resolution, but views such a possibility as more likely to be productive after the close of discovery.

Plaintiff is amenable to Alternative Dispute Resolution.

     6.)    <u>Dispositive Motions</u>: Defendant states that any further dispositive motion, if necessary, should be filed within 30 days after the close of discovery; that any opposition to or reply will be in accordance with the local rules.

Plaintiff states that no dispositive motions are pending and that any summary judgment motion(s) should be filed prior to August 18, 2008 (20 days after discovery).

     7.)    <u>Initial Disclosures</u>:  The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court by April 30, 2008.

     8.)    <u>Discovery</u>: Defendant submits that discovery should begin on May 6, 2008, and end on July 28, 2008.  The parties agree to limit the number of depositions to 10 per side and interrogatories to 25 per side, pursuant to Fed. R. Civ. P. 33(a).  Due to sensitive personal and/or medical information that may be exchanged, the parties anticipate seeking a protective order.

Plaintiff submits that discovery should begin shortly after the Court issues its Scheduling Order and that discovery end on July 28, 2008.

     9.)    <u>Experts</u>: Defendant states that the proponent of an expert witness shall make its expert disclosures according to the schedule provided in Rule 26(a)(2) F. R. Civ. P.  If and when the parties make expert disclosures, depositions of the experts will be taken at mutually convenient times.

Plaintiff submits that the parties should conduct expert discovery in accordance with the Federal Rules of Civil Procedure and agree to the following deadlines with regard to expert witnesses:

1. No later than May 6, 2008, Plaintiff will make disclosure required under Fed. R. Civ. P. 26(a)(2);

2. No later than May 28, 2008: deposition of Plaintiff's expert witnesses will be completed.

3. No later than June 16, 2008: Defendant will make the disclosures required under Fed.R.Civ. 26(a)(2), and

4. No later than July 7, 2008: depositions of Defendant's expert witnesses will be completed.

5. No later than July 28, 2008, Defendant shall disclose any evidence that is solely contradictory or rebuttal evidence to the Plaintiff's disclosure in compliance with Fed.R.Civ.P.26(a)(2).

10.) <u>Class Action Procedures</u>:  Not applicable.

11.) <u>Bifurcation of Discovery or Trial</u>:  Not appropriate for this case.

12.) <u>Proposed Date For The Pretrial Conference</u>:  The defendant states that a status conference should be scheduled after the close of discovery.  Defendant takes the position that a pretrial conference should be scheduled once the Court has resolved all dispositive motions.

Plaintiff submits that the pretrial conference date shall be 30 days after the date on which the Court issues its decision on all summary judgment motions.

13.)    <u>Trial Date</u>:  The parties are amenable to having a firm trial date set when the Court convenes a post-discovery status conference.

14.)    <u>Other Matters</u>:

15.)    The following information is provided by Defendant as to electronically-stored information in Defendant's possession that may relate to Plaintiff's claims:

It should be noted that the vast majority of the relevant documents (i.e. the documents relating to Plaintiff's EEO complaint) are in hard copy form and have previously been collected as part of the administrative investigation of this matter.  Accordingly, Defendant does not anticipate producing a large number of electronically stored documents in this case.

Format:  Defendant may use the following:  Adobe Acrobat and the Microsoft Office suite of products, including MS Exchange, Outlook, Word, and Excel.  A few users have access to WordPerfect.  For encryption purposes, Defendant may use WINZIP.  Official Personnel Folders ("OPFs") are maintained electronically in Defendant's Enterprise Human Resources Integration ("EHRI") eOPF, and these documents are accessible by using Adobe Acrobat.

E-Mail:  E-mail is stored in the user's mailbox upon receipt.  The user may then delete the e-mail, reply, forward, or print the e-mail.  Unless deleted, the e-mail is stored on the e-mail server.  Approximately 8,000 user mailboxes are stored on the e-mail server and are backed up nightly to an encrypted digital tape.  During the relevant time period, and prior to May 15, 2007, Defendant's back-up tapes were kept for approximately three months and then recycled/overwritten.  Since May 15, 2007, Defendant's back-up tapes have been kept for an indefinite period.  No automated mechanism exists to search or recover individual mailboxes stored on tapes over time.  The current back-up system is designed to restore all e-mail for approximately 8,000 mailboxes.

Word Processing and Other Documents: Users store MS Office or other documents on network drives in a manner similar to e-mails, and these user files are backed up nightly to an encrypted digital tape. Defendant's back-up tapes are kept for approximately three months and then recycled/overwritten. Users may also store documents on their hard drives, but local hard drives are not backed up by the system. In addition, Defendant's Center for Equal Employment Opportunity backs up its FY 2005- 2008 files, including Word, Excel, and PDF documents, on a bi-weekly basis, on an external hard drive, and each backup overwrites the previous backup.

16.) Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, when she was continuously subjected to a sexually and racially charged hostile environment, which the Defendant condoned and failed to take reasonable corrective action.

Respectfully submitted,

/s/
_____
Veronica G. Awkard, Md. Bar No.14454
1405 Shady Glen Drive
District Heights, Maryland 20747
202-863-2060

Respectfully submitted,

/s/
_____
Jeffrey A. Taylor,
D.C. Bar # 498610
United States Attorney

/s/
_____
Marian Chou, D.C. Bar No.433279
800 7th Street N.W., Ste 201
Washington, D.C. 20001
202-783-2794

/s/
_____
Benton Peterson
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4905
Washington, D.C. 20530
(202) 514-7238

Attorneys for Plaintiff

                                                         Attorneys for Defendant