UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michelle R. Tolson,            ) | |
| )  | |
| Plaintiff,       ) | |
| )  | |
| v.                              ) | Civil Action No. 07-02181 (RMC) |
| )  | |
| Linda Springer, Director,     ) | |
| U.S. Office of Personnel Management,  ) | |
| )  | |
| Defendant.        ) | |
| _____) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
CONSENT MOTION TO REOPEN DISCOVERY AND EXTEND DEADLINES**

Defendants through their undersigned attorneys respectfully submit this reply to Plaintiff's opposition to the second motion for enlargement of time.

On August 8, 2008, Defendant filed a Consent Motion to Re-Open Discovery and Extend Deadlines. In that motion Defendant also requested an enlargement of time to September 19, 2008 in order to prepare a motion to dismiss Plaintiff's complaint. Also within that that motion undersigned counsel for the Defendant indicated that despite his best efforts, he could not reach plaintiff at the telephone numbers provided for Plaintiff's counsel to ascertain her position on the enlargement of time concerning the dispositive motion deadline. The request concerning the dispositive motion deadline was based upon the fact that the Defendant anticipated that additional discovery would be exchanged among the parties, therefore significantly impacting the number of issues that will be addressed in an dispositive motion. On August 11, 2008, Plaintiff filed a presumably partial opposition to Defendant's motion recounting some of the confluence of circumstances alluded to in the Defendant's original consent motion concerning

the reason for the delay in responding to Plaintiff's discovery concerns.[1] In essence, Plaintiff states that while she is agreeable to reopen and enlarge the time for discovery, she is unwilling to allow for a reasonable time frame for parties to incorporate supplemented discovery responses into a dispostive motion. Given the reasons for the delay in the completion in discovery, Plaintiff's position is unreasonable and contrary to the time frame work contemplated by the Federal Rules and this Court's Scheduling Order.

The undersigned has been informed by agency counsel that the reasons for delay in completing discovery revolve around an unfortunate and unpredictable series of sudden illnesses requiring hospitalization of a child (which triggered other child care complications) and a separate instance of death in agency counsel's immediate family occurring over the course of the last few weeks of discovery in this matter.[2] Naturally, during the course of these events, the undersigned counsel had very limited contact with agency counsel and could not work to complete discovery without consultation with agency counsel. There has been no insinuation or argument that these events have accrued to the benefit of one party over the other.

Furthermore, the sole reason Plaintiff provides in her opposition is that "Plaintiff sees no reason to reset the agreed upon dates." Plaintiff's Opposition at 2. However, as mentioned above, the parties require time to discuss the remaining discovery issues which involve issues at

---

[1] Although not labeled as a partial opposition, within that memorandum, Plaintiff makes no argument against either re-opening discovery, extending the time for discovery to close or moving the date of the post-discovery status conference. Accordingly, Defendant treats the motion as a partial opposition, and presumes that the latter requests are unopposed.

[2] Originally set to end in the last week of July. See April 28th 2008, Scheduling Order.

the heart of this matter and will necessarily impact the scope of any dispositive motion.[3] Additionally, pursuant to this Court's Scheduling Order, the parties were given 30 days after discovery to formulate any dispositive motions. See April 2008 Scheduling Order. Defendant is now requesting twenty-one days after the Post-discovery Scheduling Conference primarily because due dates prior to that time would likely conflict with scheduled leave that was prearranged prior to the unforseen events concerning agency counsel's family. As mentioned in Defendant's Motion, no trial date has been set for this matter and the requested extension of the dispositive motion deadlines due to unresolved discovery issues will not materially delay the resolution of this matter.

Finally, Defendant moves under Fed. R. Civ. P. 6(b)(1) for the extension of the dispositive motion deadlines. That rule states that the Court may enlarge the time to do any act for "**cause shown**" if "request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . " (Emphasis added). The period originally prescribed for the dispositive motions has not passed and Defendant believes that she has shown good cause.[4] Thus, in the exercise of the Court's discretion, Defendant submits that it would be

---

[3] For example one issue that remains unresolved may concern whether Plaintiff is entitled to discover discrimination complaints against employees not complained of in the Complaint, outside the time frame listed by the Complaint and not connected to any of the facts listed in the Complaint. The resolution of that issue undoubtedly will effect the contents of any dispositive motion.

[4] Requests for extension of time may always be asked for and are usually granted on a showing of good cause if they are timely made before the expiration of the time period as prescribed in the Federal Rules of Civil Procedure. *Creedon v. Taubman*, 8 F.R.D. 268, 269 (N.D. Ohio 1947). Defendant submits that the motion demonstrated that the request for enlargement is founded upon "good cause shown." *See* e.g. *Poe v. Cristina Copper Mines, Inc.*, 15 F.R.D. 85, 88 (D. Del. 1953) (the phrase "cause shown" as used in Fed. R. Civ. P. 6(b)(1) is the equivalent of "good cause shown.").

proper to grant Defendant's motion to re-open discovery and to extend dispositive motion deadlines.

Respectfully Submitted,

_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov