UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michelle R. Tolson,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Linda Springer, Director,** )<br>**U.S. Office of Personnel Management,** )<br>)<br>**Defendant.** )<br>_____ ) | Civil Action No. 07-02181 (RMC) |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OF AUGUST 8, 2008, REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant, by and through the undersigned, respectfully moves this Court to reconsider the Order of August 8, 2008, which granted Plaintiff's Motion for Protective Order as unopposed.[1] As more fully described in the accompanying Memorandum, because the Court ruled prior to the Defendant's filing a response in this matter, additional information that should have been considered by the Court was not presented. Defendant specifically moves for reconsideration in order to establish the parameters under which the documents at issue may be used in the law enforcement context.[2]

A proposed Order with the relief requested is attached.

---

[1] Plaintiff's motion for a protective order was incorrectly characterized as "unopposed." (*See* Dkt. 14). Undersigned counsel never indicated to Plaintiff that Defendant would have no objection to placing documents, which as of the date of this filing are still unknown to Defendant, under the Plaintiff's Protective Order. Plaintiff's counsel did leave a telephone message, the same day of Plaintiff's filing; however, undersigned counsel was unavailable and not in the office during that week. Additionally, even if the parties had an opportunity to discuss the motion Defendant would not be in a position to agree to Plaintiff's Protective Order for documents it had not had a chance to evaluate.

[2] Pursuant to Local Rule 7.1(m), Defendant contacted Plaintiff's Counsel regarding this motion, Plaintiff opposes this motion.

Respectfully Submitted,

_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michelle R. Tolson,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Linda Springer, Director,** )<br>**U.S. Office of Personnel Management,** )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 07-02181 (RMC) |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OF AUGUST 8, 2008 REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant, by and through the undersigned, respectfully moves this Court to reconsider its Order of August 8, 2008, which granted Plaintiff's motion for a protective order with regard to documents listed in Exhibit 1 to Plaintiff's Motion for Protective Order. According to Plaintiff's Motion for Protective Order, these documents apparently belong to the Defendant.

Plaintiff filed her motion for Protective Order on July 30, 2008, and the Court ruled on August 8, 2008, prior to the due date for Defendant to file a response which would have been due August 13, 2008. In order to present information to the Court that would have otherwise been presented in Defendant's response, Defendant moves the Court to reconsider the Court's grant of a Protective Order with regard to documents that Plaintiff has identified in Exhibit 1 to her motion. Specifically, the Defendant moves for reconsideration in order to establish the parameters under which these documents may be utilized. Plaintiff admits that the documents listed in Exhibit 1 are covered by the Privacy Act. Plaintiff should not have these documents. Finally, the scope of the Order, which was adopted in whole from Plaintiff's proposed order, is

overbroad in that it has the unintended consequence of affecting the ongoing OPM's Office of Inspector General's independent inquiry as to how Plaintiff improperly obtained Defendant's property.

First, as identified by Plaintiff, the documents identified in Exhibit 1 are protected by the Privacy Act, and Defendant has not authorized the release of any such documents to Plaintiff. Plaintiff expressly describes these documents as the "Designated OPM Documents Covered by Privacy Act, 5 U.S.C. § 552a." *See* Dkt. # 12.  After so describing the documents, Plaintiff did not provide any more meaningful information to help identify the content of these document other than to provide a numbered list of 41 documents, which cites each document in a highly abbreviated manner.  *See* Dkt. 12.  Plaintiff further concedes that these documents "appear to be [D]efendant's documents and are protected under the Privacy Act."  *See* Pl's Mot. For Protective Order at 1 (Dkt. # 12).  In addition to Plaintiff's self-identification that the listed documents are "[c]overed by the Privacy Act," (*see* Dkt. # 12), the abbreviated descriptions in Exhibit 1 also support the inference that some of these documents may be subject to protection as containing privileged information, such as the attorney client privilege.  *See* Dkt. #12, Exhibit 1 , documents nos. 7, 8 & 29 ("OPM General Counsel email[s]").  Defendant has not waived any privilege that it may have with respect to these documents and wishes to protect any applicable privileges.

Second, despite Defendant's repeated requests, Plaintiff has failed to either return these documents to Defendant.  *See*, e.g., Attachment1 (Defendant's E-mail requesting immediate delivery of the documents at issue).  Contrary to Plaintiff's representations to this Court, Plaintiff has failed to provide a copy to Defendant.  *See* Dkt. # 12 ("Counsel for plaintiff will release said documents to Defendant as they appear to be Defendant's documents and are protected under the

2

Privacy Act.").

Third, Plaintiff seemingly seeks to permanently restrict Defendant from utilizing these documents within the context of the Office of Personnel Management's own investigation of, how the documents came to be in Plaintiff's possession.³  Had Defendant the opportunity to file a response to Plaintiff's motion, the Defendant would have objected to these restrictions, as the wording of that Order may be arguably construed to present a potential conflict with Defendant's Office of the Inspector General's ongoing investigation, as well as any other related internal investigation and enforcement actions, and thus, may present potential conflicts with Defendant's statutory duty to protect certain materials from disclosure under the Privacy Act, 5 USC § 552a.

Pursuant to Federal Rule of Civil Procedure 54(b), this Court may alter or amend its August 8, 2008  Order "'as justice requires.'"  *Powell v. Castaneda*, 247 F.R.D. 179, 181 (D.D.C. 2007) ("Reconsideration of an interlocutory decision is available under the standard, 'as justice requires.'" (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000)).  This Court has interpreted the standard "as justice requires" as follows:

> "As justice requires" indicates concrete considerations of whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.  These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining whether reconsideration is necessary under the relevant circumstances.

---

³Indeed,  Plaintiff's proposed order, which the Court adopted, states that the documents shall be used by the parties to this litigation **only** for preparation and trial of this case, including all appeals and/or retrials, and shall not be used for **any other purpose**, including business, governmental, commercial, administrative, or judicial proceedings, without order of the court. Plaintiff's Motion at 1. (emphasis added)

3

*Id*. (internal quotation marks and citations omitted) (first and second alterations in original).

In this case, the Court should modify its Order granting of the Plaintiff's motion for a protective Order to clarify that nothing in the Protective Order will preclude Defendant from utilizing the documents listed in Plaintiff's Exhibit 1 for any lawful purpose, including the investigation of how the documents were acquired by Plaintiff. As stated above, Defendant did not indicate that she had no objection to Plaintiff's Motion Protective Order and still does not have possession of the documents at issue.[4] Furthermore, Plaintiff's instant litigation, should not be allowed to frustrate the government's lawful investigation into the matter of how allegedly Privacy Act protected material was released to Plaintiff's counsel. By modifying the Order of August 8, 2008 as suggested, Defendant submits that both Plaintiff's stated goal of protecting Privacy Act material and Defendant's interest in its internal investigation may be met. No greater protections should be provided for the documents until the Defendant has had an opportunity to review and evaluate them.

For the reasons set forth above, Defendant's Motion for Reconsideration should be granted and the Court should adopt the Order proposed herewith.

---

[4]While Defendant initially believed she could wait to receive the documents from Plaintiff before filing this motion in order to more fully evaluate the documents for Privacy Act protected material, Defendant now believes she must now move the Court for reconsideration at this time to protect Defendant's interests.

4

Respectfully Submitted,

_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michelle R. Tolson,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-02181 (RMC) |
| ) | |
| **Linda Springer, Director,** ) | |
| **U.S. Office of Personnel Management,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

ORDER

Pursuant to Defendant's Motion for Reconsideration and for good cause shown, it is hereby ORDERED as follows:

Defendant's Motion for Reconsideration is GRANTED; and it is

FURTHER ORDERED that the Court's August 8, 2008 Order shall be modified by adding the following sentence to the Order:

Nothing in the Protective Order will preclude defendant from utilizing the documents listed in Plaintiff's Exhibit 1 for any lawful purpose, including without limitation, an investigation of how the documents were obtained by Plaintiff.


So ordered, this _____ day of _____, 2008.

_____
United States District Judge

From: Peterson, Benton (USADC)
Sent: Monday, July 28, 2008 1:57 PM
To: 'Awkardfelisa@aol.com'
Subject: Tolson Documents Filed under seal

Ms. Awkard:

As we discussed on the phone, my client is entitled to review the documents that you have filed with

the Court.  Furthermore, Fed. R. Civ. Pro.  5(a)(1) indicates that, unless there is a motion to file ex

parte, every party to the litigation must be properly served. There has been no agreement that
plaintiff can file such documents ex parte.  Additionally LCvR 5.1 (j)(1) provides that such documents
that have been moved to be placed under seal shall be considered as sealed until the Court rules upon

them, which should relieve any concern you or plaintiff have about these documents being made
public prematurely.  Finally, these documents are apparently the property of OPM, and as such OPM

has an absolute right to have its property returned that has not been lawfully relinquished.  Please

provide a complete and unaltered set of the documents immediately.

Regards,

Benton G. Peterson
Assistant United States Attorney
District of Columbia
555 4th Street, N.W., Room E4905
Washington, DC 20530
(202) 514-7238 phone
(202) 514-8780 fax
<benton.peterson@usdoj.gov>
CONFIDENTIALITY STATEMENT: This electronic communication involves an attorney and may contain
information that is confidential and/or attorney-client privileged. If you are not an intended recipient,

interception, copying, disclosure or use of confidential communications may be illegal. If you received this
message in error, please notify me by reply e-mail and delete this message.
Thank you.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michelle R. Tolson,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Linda Springer, Director,** )<br>**U.S. Office of Personnel Management,** )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 07-02181 (RMC) |

ORDER

Pursuant to Defendant's Motion for Reconsideration and for good cause shown, it is hereby ORDERED as follows:

Defendant's Motion for Reconsideration is GRANTED; and it is

FURTHER ORDERED that the Court's August 8, 2008 Order shall be modified by adding the following sentence to the Order:

Nothing in the Protective Order will preclude defendant from utilizing the documents listed in Plaintiff's Exhibit 1 for any lawful purpose, including without limitation, an investigation of how the documents were obtained by Plaintiff.

So ordered, this _____ day of _____, 2008.

_____
United States District Judge